# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.  Case No. 8:11-CR-622-T-33TBM

**SCOTT MATTHEW ARCISZEWSKI**
_____/

## DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR SENTENCE OF PROBATION WITHOUT HOUSE ARREST/HOME CONFINEMENT

**COMES NOW**, the Defendant, SCOTT ARCISZEWSKI, by and through his undersigned counsel, A. FITZGERALD HALL, pursuant to 18 U.S.C. § 3553(a), and moves this Court to: **ENTER AN ORDER OF PROBATION WITHOUT HOUSE ARREST/HOME CONFINEMENT.** As grounds for this motion, the Defendant offers the following:

### INTRODUCTION

1. On July 20, 2011, Mr. Arciszewski was arrested on a criminal complaint for transmission of a program, information, code, or command which intentionally caused damage to a protected computer in violation of 18 U.S.C. § 1030(a)(5)(A) (Doc. 1).

2. On this same date, Mr. Arciszewski made his initial appearance before

the Court in Orlando, Florida and he was released on a $10,000 non-surety (unsecured) bond along with the standard conditions of pretrial release (Docs. 7 & 8).

3. On December 14, 2011, a waiver of indictment, executed by Mr. Arciszewski, was filed with the Court (Doc. 14). On this same date, the Government also filed an information against Mr. Arciszewski charging him with knowingly and intentionally accessing the protected computers used by the Federal Bureau of Investigation in violation of 18 U.S.C. § 1030(a)(5)(B) and (c)(4)(A)(i)(V) (Doc. 13).

4. On January 19, 2012, without a plea agreement, Mr. Arciszewski pleaded guilty to the aforesaid information (Doc. 18).

5. Sentencing in this matter is currently scheduled for Thursday, April 19, 2012, at 1:30 p.m., before this Court (Doc. 22).

6. The Presentence Investigation Report ("PSIR") has been completed in this case and there are no objections to the report.

7. As a result, Mr. Arciszewski's total offense level is 10 (PSIR ¶¶18-27). Mr. Arciszewski has zero (0) criminal history points (PSIR ¶¶29-36). Thus, Mr. Arciszewski's current advisory sentencing guidelines reflect a total offense

level of 10 and a criminal history category of I (PSIR ¶¶27, 32, & 64). This results in an advisory range of imprisonment of 6-12 months, Zone B (PSIR ¶¶64 & 65).

8. However, due to the nature and circumstances of the offense; the history and characteristics of Mr. Arciszewski; and the need for the forthcoming sentence to afford <u>adequate</u> deterrence; Mr. Arciszewski requests this Court impose a reasonable sentence in this case of probation, without any requirement of house arrest/home confinement, pursuant to 18 U.S.C. § 3553(a) and the *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

## **LEGAL ARGUMENT**

9. As outlined above, Mr. Arciszewski is currently facing an advisory range of imprisonment of 6 - 12 months, Zone B (PSIR ¶¶64 & 65).

10. However, due to the to the nature and circumstances of the instant offense; the history and characteristics of Mr. Arciszewski; and the need for the forthcoming sentence to afford <u>adequate</u> deterrence, Mr. Arciszewski requests this Court sentence him to a reasonable period of probation, without any condition of house arrest/home confinement, for the reasons outlined below.

11. The United States Supreme Court has rendered the United States Sentencing Guidelines "effectively advisory." *Booker*, 543 U.S. at 245, 125 S. Ct.

at 756-57. Pursuant to *Booker*, sentencing courts are required to consider a defendant's Guideline range, but may "tailor the sentence in light of other statutory concerns as well." *Id.* (citing 18 U.S.C. § 3553 (a)). *See United States v. Martin*, 455 F.3d 1227, 1236 (11th Cir. 2006)(providing that "... the district court is obligated to take into account the advisory Guidelines range <u>and</u> the sentencing factors set forth in 18 U.S.C. § 3553(a) in fashioning a reasonable sentence"). <u>The Guidelines are only one of the factors</u> to consider when imposing sentence, and §3553(a)(3) directs the judge to consider sentences other than imprisonment. *Gall v. United States*, 552 U.S. 38, 59, 128 S. Ct. 586, 602 (2007)(emphasis added).

12. In short, *Booker* has "unshackled" the hands of the district court when it comes to application of the federal sentencing guidelines. Whereas before, sentencing courts felt obligated to sentence a defendant to prison under the guidelines, it now has the authority to sentence a defendant to a lesser prison sentence.

13. The effect of *Booker* is that federal district courts must consider the following seven factors set forth by Section 3553(a) in determining a sentence:

> (1) **the nature and circumstances of the offense and the history and the characteristics of the defendant;**
>
> (2) the need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) **to afford <u>adequate</u> deterrence to criminal conduct**;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) [the applicable Sentencing Guidelines];

(5) any pertinent [Sentencing Guidelines] policy statement;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victim of the offense.

18 U.S.C. § 3553(a). *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005)(providing that when the district court considers the factors of section 3553(a), it need not discuss each of them). *See also, United States v. Scott*, 426 F.3d 1324 (11th Cir. 2005)(same)).

14. Pursuant to Section 3553(a), and the above cited case-law, Mr. Arciszewski requests this Court impose a reasonable sentence in this case. In

particular, Mr. Arciszewski seeks a sentence of probation without any condition of house arrest/home confinement due to the following: the nature and circumstances of the instant offense; his history and characteristics; and the need for the forthcoming sentence to afford <u>adequate</u> deterrence.

### A. The Nature and Circumstance of the Instant Offense

15. The nature and circumstances of the instant offense are outlined in the PSIR and are uneventful. On June 21, 2011, Mr. Arciszewski, using an IP address assigned to the University of Central Florida, accessed the Tampa Bay Infragard website, which is hosted by Sylint Corporation, a computer security company (PSIR ¶8). The Tampa Bay Infragard website is used by the Federal Bureau of Investigation ("FBI") in furtherance of the administration of justice, national defense, and national security. *Id.* Mr. Arciszewski registered the username "AntiSecTest," with the display name, "Testing YourSecurity," and the email address, ["Kopwned3248@yahoo.com."](Kopwned3248@yahoo.com) *Id.* As a result, Mr. Arciszweski was able to successfully upload three files named, "aspydrv.asp;jpg." over the course of the 27 minute intrusion. *Id.* The three files uploaded by Mr. Arciszewski caused damage to the server by impairing the integrity of the server. *Id.*

16. Within minutes of the intrusion, Mr. Arciszewski posted a thread on

the website, [www.hackforums.net,](www.hackforums.net) which provided a link to the Tampa Bay Infragard website as well as instructions on how to exploit the website (PSIR ¶9). A few minutes after Mr. Arciszewski posted the information to hackforums.net, several hackers responded to the posting and at least 15 intrusion attempts were made against the Tampa Bay Infragard website. *Id.* Seven of the attempts were successful in uploading content to the website. *Id.* After his original post, Mr. Arciszewski also posted that he would be willing to "walk through" the process of intruding into the Tampa Bay Infragard website with those who were struggling with it. *Id.*

17. The FBI identified Mr. Arciszewski as the hacker who perpetrated the offense through his IP address and the photo connected to his avatar on hackforum.net (PSIR ¶10). Mr. Arciszewski also had posted information about the intrusion on his twitter account. *Id.*

18. On July 19, 2011, FBI agents arrested Mr. Arciszewski and he admitted to the unauthorized access of the Tampa Bay Infragard website and to posting the vulnerable access points to hackforums.net to be used by other hackers (PSIR ¶11).

19. In short, although not minor, a review of the above events surrounding

this case are uneventful in several aspects:

    a.    Mr. Arciszewski, wanting to "show how smart" he was, simply hacked into a computer system used by the FBI;

    b.    due to Mr. Arciszewski's computer expertise, he was <u>easily</u> able to intrude into the FBI computer system;

    c.    Mr. Arciszewski did not try to "get away" from his instant criminal conduct as he left a computer trail, or a business card, of where he could be found; and

    d.    Mr. Arciszewski took nothing from his criminal conduct.

**B.    The History and Characteristics of Mr. Arciszewski**

20.    Mr. Arciszewski admits that he has done wrong and he sincerely apologizes for his misconduct, but he also asks this Court to consider his history and characteristics in support of his request for a probation sentence without any condition of house arrest/home confinement for the following reasons:

    a.    He has zero criminal history points. *See* PSIR ¶¶30-36. In fact, Mr. Arciszewski has never had any problems with the law and this includes his juvenile history (PSIR ¶30). In other words, Mr. Arciszewski has pristine "criminal credit" unlike many federal criminal cases that come before this Court. In

fact, it can also be said that, in terms of criminal behavior, Mr. Arciszewski is at the opposite-end of the criminal continuum.

b.  In addition to the above, and despite his poverty background, Mr. Arciszewski has overcome his circumstances and has otherwise been a law abiding citizen.  *See* PSIR ¶¶30-36 and 39.

c.  Mr. Arciszewski is a smart individual and he is trying to better himself, unlike many defendants prosecuted in the federal system, by furthering his education.  *See* PSIR ¶¶39 & 52-55.  In fact, Mr. Arciszewski has already obtained his Associate of Arts Degree from Edison State College in Ft. Myers, Florida (PSIR ¶¶52 & 54).  Thereafter, Mr. Arciszewski was a student at the University of Central Florida in Orlando, Florida, majoring in computer engineering, but was suspended due to the instant offense (PSIR ¶52).

d.  Mr. Arciszewski is a hard working man as evidenced by the above and while enrolled at the University of Central Florida.  While working as a website creator for Dr. Chu at the University of Central Florida, Dr. Chu had an opportunity to

    assess Mr. Arciszewski's work performance and character (PSIR ¶57). Dr. Chu reported that Mr. Arciszewski was an excellent worker, who was extremely reliable, and that he never had any problems with Mr. Arciszewski's character. *Id.* Dr. Chu indicated that he would give Mr. Arciszewski the highest degree of recommendation. *Id.*

  e. There is no evidence that Mr. Arciszewski suffers from any substance abuse problem(s) (PSIR ¶¶50-51).

  f. Since being on pretrial supervision, Mr. Arciszewski has not violated any of the terms of his release.

21. Due to the facts outlined above, it appears that Mr. Arciszewski's history and characteristics weigh in favor of the lesser suggested sentence of probation, without a condition of house arrest/home confinement, and not the current suggested advisory range of imprisonment of 6 to 12 months.

  **C. The Need for the Sentence to Afford <u>Adequate</u> Deterrence**

22. In conjunction with the above arguments, Mr. Arciszewski requests this Court to consider that his request for a probation sentence, without house arrest/home confinement, would still afford <u>adequate</u> deterrence to the community.

23. Also, Mr. Arciszewski believes that the said requested sentence would

still promote respect for the law, provide the deterrence contemplated under §3553(a), and also accomplish all of the factors arrayed at §3553(a).

24. Assistant United States Attorney Donald Hansen objects to the request(s) outlined herein.

**WHEREFORE**, Mr. Arciszewski prays this Court will grant the relief requested herein and sentence him to the minimum term of incarceration.

Respectfully submitted,

DONNA LEE ELM
FEDERAL DEFENDER

By: *s/ A. Fitzgerald Hall*
A. Fitzgerald Hall, Esq.
Florida Bar No. 0137138
Assistant Federal Defender
400 North Tampa Street, Suite 2700
Tampa, Florida 33602
Phone: (813) 228-2715
Facsimile: (813) 228-2562
Email: Alec_Hall@fd.org
*Attorney for Defendant Arciszewski*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 18th day of April 2012, a true and correct copy of the foregoing was furnished by using the CM/ECF system with the Clerk of the Court, which will send notice of the electronic filing to the following:

Donald Hansen, AUSA

By: *s/ A. Fitzgerald Hall*
A. Fitzgerald Hall, Esq.
Assistant Federal Defender